# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00731-CV

**Judy S. Baggs and Michael J. Baggs, Appellants**

**v.**

**Dennis Becker, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT NO. 22,699, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a child custody suit filed by the child's grandmother, Judy Baggs, and her husband, Michael Baggs. The trial court found that the State of Texas was an inconvenient forum and declined jurisdiction in favor of Florida. *See* Tex. Fam. Code Ann. § 152.207 (West 2002). The Baggses appeal and contend that the trial court's decision to decline jurisdiction was an abuse of discretion because it was not supported by the evidence. Because we hold that the trial court did not abuse its discretion, we affirm the decision of the trial court.

### BACKGROUND

Judy and Michael Baggs seek to become the managing conservators of Judy's granddaughter, K.B., who has lived with them in Gulfport, Florida, since January 2003.[1] K.B. is the daughter of Shannan Bray, Judy Baggs' daughter, and Appellee Dennis Becker. K.B. has

---

[1] The facts come from the affidavits of Judy and Michael Baggs, filed with their petition, and from their testimony at the hearing before the trial court. Appellee Dennis Becker did not testify or dispute the facts asserted by the Baggses.

a brother who lives with Becker in Deltona, Florida.[2] Bray and Becker were living in Texas when they divorced in November 1999, and their final divorce decree was entered in Bastrop County. The decree named Bray and Becker as joint managing conservators and gave Becker the right to determine the residency of both children. Judy and Michael Baggs were given periods of possession of both children.

Approximately a year after the divorce, Becker moved with the children to Florida. Sometime during the summer or fall of 2002, K.B.'s brother moved to Texas to live with his paternal grandmother and her husband in Nacogdoches. In January 2003, K.B. moved in with Judy and Michael Baggs. Shortly thereafter, Becker, a member of the military reserves, was deployed to Iraq. When Becker returned to Florida, he regained custody of K.B.'s brother, but K.B. continued to live with the Baggses. For the next few years, Becker executed a power of attorney, with a one-year duration, each January that allowed the Baggses to enroll K.B. in school and extracurricular activities and to provide for her medical care. In December 2006, Becker notified the Baggses that he would not be executing another power of attorney and would be bringing K.B. back to live with him in Deltona, Florida. Since notifying the Baggses of this intention, however, Becker has neither brought K.B. to live with him nor executed another power of attorney. This left the Baggses unable to enroll K.B. in school and extracurricular activities, provide her with health insurance, or seek medical care.

On August 1, 2007, the Baggses filed a petition in Bastrop County to modify the final divorce decree in a suit affecting the parent-child relationship, seeking to be named managing conservators of K.B. with the sole right to designate her primary residence. In response, Becker filed

---

[2] Because K.B.'s brother shares her initials, we will refer to him, when necessary, as K.B.'s brother.

a motion asking the trial court to decline to exercise jurisdiction on the grounds that Texas was an inconvenient forum because he, the children, and Judy and Michael Baggs all live in Florida. After a hearing on November 8, 2007, the trial court—citing the length of time that K.B. had been out of state, the distance between the court in Texas and the court in Florida, the relative financial circumstances of the parties, and the nature and location of the evidence—granted Becker's motion and declined to exercise jurisdiction over the Baggses' motion to be named K.B.'s managing conservators. The court found that Texas was an inconvenient forum and that Florida was a more appropriate forum. However, the trial court also entered orders temporarily granting Judy and Michael Baggs the right to designate K.B.'s primary residence until a court of competent jurisdiction in the State of Florida assumes jurisdiction and decides the case on the merits. These temporary orders also gave the Baggses the authority to enroll K.B. in school and extracurricular activities and to provide health insurance and medical care for her. The court gave Becker standard visitation for a non-custodial parent. *See* Tex. Fam. Code Ann. § 153.313 (West 2006) (standard possession schedule for parents who reside over 100 miles apart). Judy and Michael Baggs now appeal, arguing that the trial court erred in declining to exercise jurisdiction.

## STANDARD OF REVIEW

We review a trial court's decision to decline to exercise jurisdiction as an inconvenient forum for abuse of discretion. *See Hart v. Kozik*, 242 S.W.3d 102, 106 (Tex. App.—Eastland 2007, no pet.); *Dickerson v. Doyle*, 170 S.W.3d 713, 718 (Tex. App.—El Paso 2005, no pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*,

3

701 S.W.2d 238, 241-42 (Tex. 1985). We may not reverse simply because we disagree with the trial court's decision. *Id.*; *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). In reviewing a trial court's order for an abuse of discretion, we view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor. *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.).

Under an abuse-of-discretion standard, the factual sufficiency of the evidence is not independent grounds for error; it is simply a factor in assessing whether the trial court abused its discretion. *London v. London*, 192 S.W.3d 6, 14-15 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Thus, we engage in a two-pronged inquiry, asking: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *Id.*; *Gonzalez v. Tippit*, 167 S.W.3d 536, 544 (Tex. App.—Austin 2005, no pet.). The trial court's findings will be upheld under the first prong as long as they are supported by sufficient competent and probative evidence and are not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Hart*, 242 S.W.3d at 109; *Gonzalez*, 167 S.W.3d at 544.

## DISCUSSION

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), which Texas adopted in 1999, governs jurisdiction in child custody issues. Tex. Fam. Code Ann. §§ 152.001-.317 (West 2002 & Supp. 2008). The UCCJEA seeks to prevent conflicting jurisdiction and relitigation of child custody determinations by limiting the authority to make custody determinations to one court, even when multiple states have personal jurisdiction over the parties

4

and a legitimate interest in the issues involved. *See Hart*, 242 S.W.3d at 106-07. When, as here, a Texas court makes a custody determination, it retains exclusive continuing jurisdiction until it or another Texas court determines that Texas no longer has sufficient contacts or is an inconvenient forum. *See* Tex. Fam. Code Ann. §§ 152.202, .207 (West 2002). When determining whether Texas is an inconvenient forum, the UCCJEA directs trial courts to consider "all relevant factors," including:

> (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) the length of time the child has resided outside this state;
>
> (3) the distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) the relative financial circumstances of the parties;
>
> (5) any agreement of the parties as to which state should assume jurisdiction;
>
> (6) the nature and location of the evidence required to resolve the pending litigation, including any testimony of the child;
>
> (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (8) the familiarity of the court of each state with the facts and issues in the pending litigation.

*Id.* § 152.207(b).

Because the original divorce decree, which included the child custody determination, was entered in Bastrop County, the trial court was the court of continuing exclusive jurisdiction. *See id.* § 152.202. However, the court declined to exercise this jurisdiction, finding:

5

that the State of Texas is an inconvenient forum, and the State of Florida is a more appropriate forum and therefore, the Court declines to exercise jurisdiction in this case. Specifically, the Court bases its findings on the following factors: (1) the length of time the Child has resided outside the State of Texas; (2) the distance between this Court and the court in the state that would assume jurisdiction, that being the state of Florida; (3) the relative financial circumstances of the parties; and (4) the nature and location of the evidence required to resolve the pending litigation, including the testimony of the child.

The Baggses argue that the trial court's finding that Texas was an inconvenient forum is not supported by the evidence. The Baggses contend that three of the four factors cited by the court—the distance between the courts, the relative financial circumstances of the parties, and the nature and location of the evidence—actually weigh against the court's ruling and in favor of Texas as the more appropriate forum.[3] The Baggses also contend that they do not have standing to bring suit under Florida law and thus a fifth statutory factor—the ability of the court of each state to decide the issue expeditiously—weighs against the court's ruling. We will examine each of these factors in turn.

---

[3] As to the first factor cited by the court, it is undisputed that, at the time of the hearing, K.B. had lived out of state for approximately seven years. *See* Tex. Fam. Code Ann. § 152.207(b)(2) (West 2002) (length of time child has resided out of state is factor in determining appropriate forum). The trial court was not unreasonable in determining that this factor weighed in favor of declining jurisdiction as an inconvenient forum. *Cf. Monk v. Pomberg*, 263 S.W.3d 199, 211 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (no abuse of discretion in declining jurisdiction where, among other factors, child had been living out of state for two years prior to suit); *Dickerson v. Doyle*, 170 S.W.3d 713, 719 (Tex. App.—El Paso 2005, no pet.) (no abuse of discretion in declining jurisdiction where, among other factors, child had been living out of state for five months prior to suit).

*Distance Between the Courts*

Judy Baggs testified that the Texas court is a three to four hour plane ride from Florida, while she and her husband live only a two-and-a-half to three hour drive from Becker in Florida. *See* Tex. Fam. Code Ann. § 152.207(b)(3) (in determining appropriate forum, courts should consider distance between court in this state and court in state that would assume jurisdiction). Yet the Baggses argue that because they wish to travel to Texas and submit to the trial court's jurisdiction and because Bray, the child's mother, lives in Elgin, the only person who is inconvenienced by the distance between Florida and Texas is Becker. While Judy and Michael Baggs may be willing and able to travel to Texas, the trial court could have reasonably concluded that Becker, who appeared before the trial court only by attorney, and sought permission to testify from Florida via telephone, was not. Furthermore, there is nothing in the record to indicate that the Baggses are unable to make the shorter trip to the Florida court. Therefore, the trial court was not unreasonable in determining that the distance between Texas and Florida—where the majority of the parties and the subject child reside—weighs toward a finding that Texas is an inconvenient forum.

*Relative Financial Circumstances of the Parties*

The Baggses contend that the relative financial circumstances of the parties must weigh in favor of the Texas court exercising its jurisdiction, citing Bray's testimony that she could not afford to travel to Florida to participate in the proceedings there.[4] *See* Tex. Fam. Code Ann. § 152.207(b)(4) (relative financial circumstances of parties is factor in determining appropriate

---

[4] Becker did not present evidence of his income.

forum). However, Bray testified that she was not contesting her mother and stepfather's suit and sought only to maintain her current periods of possession. From this, the trial court could have reasonably concluded that it was more essential to ensure that Becker—who would be forced to travel from Florida to Texas if the trial court exercised jurisdiction—be able to participate in the proceedings. Thus, the court was not unreasonable in determining that the relative financial circumstances of the parties weighed in favor of Florida as the more appropriate forum.

*Nature and Location of the Evidence*

The Baggses argue that, because there is a significant amount of evidence located in Texas, this factor should weigh in favor of exercising jurisdiction in Texas. Specifically, Judy and Michael Baggs assert that two witnesses, Becker's uncle and a family friend, are located in Texas, as is evidence of K.B.'s brother's psychological history, specifically his records from an evaluation conducted by a facility in Nacogdoches.[5] Judy and Michael Baggs also testified that they are willing to find and produce evidence located in Florida—specifically the school records for both children—for a Texas court.

The Baggses further contend that Becker did not present evidence of any important witnesses or documentary evidence that was located in Florida. However, on examination by Becker's attorney, Michael Baggs acknowledged that the psychological reports located in Nacogdoches were obtained several years ago and that more recent evidence is located in Florida.

---

[5] The Baggses intend to present evidence of K.B.'s brother's psychological history because, in their petition to become K.B.'s joint managing conservators, they allege that her brother is a danger to K.B.

In addition, Judy and Michael Baggs testified that the Texas witnesses had observed the children in both the Baggses' home and Becker's home because they frequently traveled to Florida, from which the court could have reasonably determined that these two witnesses could travel to Florida to testify. The trial court also heard evidence that both children had lived in Florida for several years and attended school and participated in extracurricular activities there. *See Monk*, 263 S.W.3d at 211 (child's school attendance and participation in extracurricular activities indicative of evidence located out-of-state). The trial court could reasonably expect both children to be witnesses at a trial on the merits. *See* Tex. Fam. Code Ann. § 152.207(b)(6) (in determining appropriate forum, courts should consider nature and location of evidence, including testimony of the child). Further, because two of the three parties—and the only two parties seeking custody of K.B.— had lived in Florida for several years, the court could have concluded that there would be character witnesses located in Florida as well. Based on the record before it, the trial court could have reasonably found that a significant amount of evidence existed in Florida and that this weighed in favor of declining jurisdiction as an inconvenient forum.

*Ability of Court in Each State to Decide the Issue Expeditiously*

The Baggses next contend that they do not have standing to bring suit under Florida law, that the trial court was informed of this problem, and that this factor weighs against declining jurisdiction because the Florida court does not have the ability to decide the issue. However, there is nothing in the record to indicate that this issue was raised before the trial court. Therefore, it was not an abuse of discretion for the trial court to fail to consider a factor for which it had no evidence. *See Hart*, 242 S.W.3d at 112 ("If no evidence of a particular factor is offered, we cannot say that the

9

trial court abused its discretion by failing to make a fact finding"); *Dickerson*, 170 S.W.3d at 719-20 n.8 ("No litigant tendered evidence of Alabama law . . . . In the absence of such evidence, we must presume that the law of Alabama is identical to Texas law."). Furthermore, the trial court's order includes a provision requiring the case to return to Texas "in the event that an appropriate court in the State of Florida refuses to exercise jurisdiction or otherwise refuses to hear this dispute between the parties in this suit." Therefore, if the Baggses are correct in their interpretation of Florida law and are unable to litigate in Florida, they will be able to return to the Texas trial court.[6]

There was no evidence before the trial court on any of the remaining factors listed in section 152.207(b) of the family code. Given the evidence before the trial court regarding the four factors on which it based its determination, it did not abuse its discretion in declining to exercise jurisdiction based on its findings that Texas was an inconvenient forum and that Florida was a more convenient forum. We therefore affirm the decision of the trial court.

---

[6] In their brief to this court, the Baggses cite to Florida law governing the temporary custody of minor children by extended family. *See* Fla. Stat. §§ 751.01-.05. We note that section 751.02 allows a family member "who is caring full time for the child in the role of a substitute parent and with whom the child is presently living" to bring suit for temporary custody. *Id.* § 751.02. While the Baggses correctly note that under Florida law, "[i]f one of the minor child's parents objects to the granting of temporary custody to the petitioner, the court shall grant the petition only upon a finding, by clear and convincing evidence, that the child's parent or parents are unfit to provide the care and control of the child," *id.* § 751.05, a higher burden once in court is not the same as an inability to bring suit. Texas courts are not required to ascertain that every aspect of the more convenient forum's law is identical before declining jurisdiction. *See Hart v. Kozik*, 242 S.W.3d 102, 108 (Tex. App.—Eastland 2007, no pet.) (holding that legislature instructed trial courts to determine if other state's court can expeditiously decide issues, "but did not instruct trial courts to retain jurisdiction if there are differences between the two states' rules of evidence or procedure").

## CONCLUSION

Because we hold that the trial court did not abuse its discretion in declining to exercise jurisdiction over the motion to modify the final divorce decree in favor of Florida as a more convenient forum, we affirm the decision of the trial court.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   February 6, 2009

11