**Kenneth Dwayne HART, Appellant,**

v.

**Catherine Christine KOZIK, Appellee.**

No. 11–05–00392–CV.

Court of Appeals of Texas,
Eastland.

Oct. 11, 2007.

---

Marie E. Galindo, The Galindo Law Firm, Midland, for appellant.

John W. Cliff, Jr., John W. Cliff, Jr., P.C., Odessa, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Kenneth Dwayne Hart filed a motion to modify the parent-child relationship. Catherine Christine Kozik responded and asked the trial court to decline jurisdiction because Ector County was an inconvenient forum. The trial court found that Ector County was an inconvenient forum and that Baldwin County, Alabama, was a more appropriate forum and declined to exercise jurisdiction over Hart's motion to modify. We affirm.

### I. *Background Facts*

Hart and Kozik were divorced in Harris County, Texas, in 1996. Kozik was given the sole and exclusive right to determine the residence of their two children. In 2000, Kozik filed a motion to modify Hart's child support obligations. At that time, she and the children lived in Alabama, and Hart lived in Midland County. Even though he lived in Midland County, Hart filed a motion to transfer venue to Ector County. The case was transferred, and Hart's child support obligations and periods of visitation were modified.

In 2005, Hart filed a motion to modify conservatorship. Hart was now a resident of League City, Texas. Kozik and the children resided in Foley, Alabama. Kozik asked the trial court to decline to exercise jurisdiction over Hart's motion pursuant to TEX. FAM.CODE ANN. § 152.207 (Vernon 2002). The trial court held a hearing and found that the children had resided in Florida from May 1996 to March 2000 and

had resided in Alabama from March 2000 to the present; had never resided in Ector County, Texas; had never traveled to or visited Ector County, Texas, prior to August 1, 2005; had attended the same school and educational institution in the State of Alabama since 2000; and had never attended any school or educational institution in the State of Texas. Finally, the trial court found that Hart had not resided in Ector County since the summer of 2000. The trial court granted Kozik's request and declined to exercise jurisdiction over the motion to modify in favor of an Alabama court.

## II. *Issues*

Hart challenges the trial court's decision with three issues. Hart contends that the trial court abused its discretion when it declined to exercise jurisdiction because it failed to take into account the children's best interest, that the trial court's findings of fact are against the great weight and preponderance of the evidence, and that the trial court abused its discretion when it stayed rather than dismissed his modification action.

## III. *Discussion*

### A. *Did the Trial Court Abuse Its Discretion by Not Taking into Account the Children's Best Interest?*

■ Hart argues initially that the trial court abused its discretion by disregarding his and his children's due process rights because the trial court's findings of fact do not explain why its decision to decline to exercise jurisdiction was in the children's best interest. Kozik responds that the children's best interest is not a consideration when deciding whether to exercise jurisdiction. We agree. The trial court was not resolving ultimate issues, which would require determination of the children's best interest. Instead, the trial court was concerned with the threshold question of *where* the ultimate issues would be addressed.

■ A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or when it acts without reference to any guiding principle. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We may not reverse for abuse of discretion merely because we disagree with the trial court's decision. *Id.* at 242. Similarly, because the trial court was the fact finder and was the sole judge of the credibility of the witnesses and the weight to be given their testimony, we must defer to its credibility analysis. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex.2005).

■ Hart correctly notes that the children's best interest is always the primary consideration in custody disputes. This, however, is the primary consideration when "*determining* the issues of conservatorship and possession of and access to the child." TEX. FAM.CODE ANN. § 153.002 (Vernon 2002) (emphasis added). When interstate jurisdictional issues are present, a trial court must first decide which state is best positioned to evaluate the child's best interest.

■ Texas adopted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), effective September 1, 1999. TEX. FAM.CODE ANN. §§ 152.201–.317 (Vernon 2002 & Supp.2006). The UCCJEA's overarching purposes are to prevent conflicting jurisdiction, relitigation of child custody issues, and deter child abduction. *Ruffier v. Ruffier*, 190 S.W.3d 884, 889 (Tex.App.-El Paso 2006, no pet.). The statute addresses these by limiting to one court the authority to make custody determinations, even though multiple states might have personal jurisdiction over the

parties and a legitimate interest in the parent-child relationship involved.

When, as here, a Texas court makes a custody determination, it retains exclusive continuing jurisdiction until it or another Texas court determines that Texas no longer has sufficient contact or that Texas is an inconvenient forum.[1] When determining if Texas is an inconvenient forum, the legislature has instructed courts to consider:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this state;

(3) the distance between the court in this state and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

Section 152.207(b). Unlike actual determinations of conservatorship, possession, and access,[2] the legislature did not direct trial courts to specifically consider the child's best interest when determining jurisdiction. However, many of the statute's fac-

tors will implicate the child's best interest; and by providing a jurisdictional scheme that attempts to lessen the opportunity for abuse of process, the legislature has not ignored it.

■ Hart advances several arguments premised upon his and his children's due process rights, and he suggests that those rights were violated. However, he did not argue below and does not contend now that Section 152.207 is unconstitutional. Nor does he offer any other reason why the statute is unenforceable. The legislature did not require trial courts to make an express determination that declining to exercise jurisdiction was in the child's best interest. Consequently, we could not find that the trial court abused its discretion if it had declined to do so.

The trial court did, however, prepare findings of fact[3] and found:

Substantial, compelling and credible evidence establishes that the Findings, Conclusions and Orders of the 244th Judicial District Court of Ector County, Texas and referenced herein are in the best interest of the CHILDREN.

Hart criticizes this finding, contending that the trial court neglected to explain how its decision was in the children's best interest. We disagree. The trial court prepared very detailed and comprehensive findings of fact. Many of these directly address why its decision was in the children's best interest. For example, the trial court found:

● A trial court in Baldwin County, Alabama, was substantially more convenient to the witnesses and the children than an Ector County trial court;

---

1. *See* Sections 152.202, 152.207.

2. *Cf* Section 153.002.

3. We note that the trial court did so even though findings of fact were not timely requested.

- The relevant evidence is more accessible and available to a Baldwin County trial court than an Ector County trial court;

- Friends, physicians, teachers, counselors, pastors, family members, day care personnel, and others with significant contact to the children are primarily in, or close to, Baldwin County;

- Even though Alabama courts do not allow a child of appropriate age to file a conservatorship preference, they can consider a child's testimony of preference; and

- There was no evidence that the rights and best interest of the children would not be provided for by an Alabama court in an appropriate, fair, and prompt manner.

These findings dispel any abuse of discretion because they make clear that the trial court's decision was a reasoned one and that it was based upon sound considerations.

■ Finally, Hart argues that the trial court abused its discretion because it did not consider the differences between Texas and Alabama law regarding consideration of the children's preferences.[4] Under constitutional principles of cooperative federalism, the states have considerable latitude to govern litigation in their own courts.[5] Hart does not argue that Alabama's evidentiary procedures are unconstitutional, merely that the trial court was required to consider the differences between Texas and Alabama evidentiary law when determining the children's best interest. Section 152.207(b) requires trial courts to consider the ability of the courts of each state to decide the issues expeditiously, the procedures necessary to present the evidence, and the familiarity of the courts of each state with the facts and issues in the pending litigation. The trial court did so. We cannot agree that it was required to do more.

The states have attempted to facilitate the resolution of interstate child support and custody issues with the UCCJEA. There will always be some difference between two states' evidentiary rules and trial procedures—if not in text then in application—and experienced counsel can credibly argue that these differences will impact the course or conduct of the litigation. If that were sufficient to defeat the application of Section 152.207, the UCCJEA would lose much of its effectiveness. This may explain why the legislature required trial courts to undertake the broader inquiry of what procedures are necessary to present evidence in a sister jurisdiction and, thus, verify their ability to expeditiously decide the issues, but did not instruct trial courts to retain jurisdiction if there are differences between the two states' rules of evidence or procedure.

■ But even if we are incorrect, the trial court found that Alabama courts can consider a child's preference. Their procedure for expressing a preference differs from our own, but we discern no difference between the ability of Alabama and Texas courts to consider a child's preference.

---

**4.** The trial court did find that Alabama law does not allow children to file a written preference but that Alabama courts have the authority to consider a child's testimony of preference. Hart's argument challenges the correctness of this finding.

**5.** *See generally, Franchise Tax Bd. of Cal. v. Hyatt,* 538 U.S. 488, 497–99, 123 S.Ct. 1683, 155 L.Ed.2d 702 (2003) (recognizing a state's authority to fulfill its own sovereign responsibilities and the need to balance conflicting state interests and affirming the Nevada Supreme Court's decision to apply Nevada sovereign immunity law to a claim asserted by a Nevada resident against a California state agency in Nevada state court).

Texas allows a child twelve years of age or older to file a written conservatorship preference. TEX. FAM.CODE ANN. § 153.008 (Vernon Supp.2006). The child's preference is not binding but is simply a factor among many others that may be considered when determining the child's best interest. *See In re Marriage of Stockett,* 570 S.W.2d 151, 153 (Tex.Civ.App.-Amarillo 1978, no writ). Alabama statutes provide that, when considering a possible change of custody, "a court shall take into account all factors affecting the child, including, but not limited to, . . . [t]he preference of the child, taking into consideration the age and maturity of the child." ALA.CODE § 30–3–169.3(a)(6) (2007).

Hart argues that in practice the children's preference is not a significant factor in Alabama, citing *Ex parte McLendon,* 455 So.2d 863 (Ala.1984), and *Rehfeld v. Roth,* 885 So.2d 791 (Ala.Civ.App.2004). *McLendon* involved a six-year-old child. Section 153.008 does not apply until the child reaches the age of twelve. The trial court has the discretion to interview a younger child but is not required to do so. *See* TEX. FAM.CODE ANN. § 153.009 (Vernon Supp.2006). Thus, we do not believe *McLendon* is instructive.[6] Hart next cites *Rehfeld* for the proposition that, if a court considers a child's preference, its holding is vulnerable on appeal. The *Rehfeld* opinion, however, contains no indication that the children expressed or attempted to express any preference or that either party asked the trial court to consider the children's preferences. During oral argument, Hart contended that the absence of any reference to the children's preference was revealing. We cannot assume that the children had a preference. It is equally plausible that they had no wish to take sides between their parents. Consequently, we cannot conclude that this opinion exposes any appreciable difference between Texas and Alabama law and, therefore, find that the trial court correctly construed Alabama law.

The trial court did not abuse its discretion when it declined to exercise jurisdiction. Hart's first issue is overruled.

*B. Are the Trial Court's Findings of Fact Based Upon Sufficient Evidence?*

■■■■■ Hart argues that the trial court's findings of fact are against the great weight and preponderance of the evidence. We review the trial court's findings of fact for an abuse of discretion. *See Grayson v. Grayson,* 103 S.W.3d 559, 561 (Tex.App.-San Antonio 2003, no pet.). Under an abuse of discretion standard, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error; rather, they are simply factors in assessing whether the trial court abused its discretion. *London v. London,* 192 S.W.3d 6, 14 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). When an appellant challenges the sufficiency of the evidence, we engage in a two-prong analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion and (2) whether the trial court erred in its application of discretion. *Sotelo v. Gonzales,* 170 S.W.3d 783, 787 (Tex.App.-El Paso 2005, no pet.); *see also In re Gonzalez,* 993 S.W.2d 147, 155 (Tex.App.-San Antonio 1999, no pet.) (holding abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support trial court's decision).

■■■■ Hart specifically challenges the trial court's following findings:

6. Furthermore, it does not appear that the child's preference was at issue in *McLendon.* Rather, the court was concerned with determining the appropriate burden of proof when a parent attempts to modify a decree awarding custody to the child's grandparents.

23. [The] evidence is more accessible and readily available either in or within close proximity to Baldwin County, Alabama.... Friends, physicians, teachers, counselors, pastors, various family members and relatives, day care person[nel] and other individuals who have cared for, educated, protected, trained and maintained significant contact and certain relationships with the CHILDREN since May, 1996, and who may continue to do so in the future, are primarily located and reside either in or within close proximity to Baldwin County, Alabama....

24. Irrespective of the questionable jurisdictional agreement submitted by the parties and recited in the January 2, 2002 Agreed Modification Order, it is undisputed that the parties now vigorously contest and disagree as to the proper forum and jurisdiction for the adjudication and determination of this child custody proceeding....

25. Although the courts of Alabama may not permit a child of appropriate age to file and submit a formal written conservatorship preference and request, as a factor in its conservatorship determination, Alabama jurisprudence indicates that a trial court of Baldwin County, Alabama and/or a similarly situated court of competent and appropriate jurisdiction in the State of Alabama can consider in a child custody proceeding the testimony and/or preference(s) of the CHILDREN regarding conservatorship, if said evidence is presented to that court....

26. There is no evidence before this Court that a trial court of Baldwin County, Alabama and/or a similarly situated court of competent and appropriate jurisdiction in the State of Alabama cannot and/or would not adequately, fairly, properly and/or expeditiously address, consider, comprehend, adjudicate and/or determine all issues and disputes relevant to this child custody determination and proceeding involving the CHILDREN.

Hart challenges Finding No. 24 by essentially arguing that Kozik waived the right to contest jurisdiction when she did not challenge the 2000 transfer of venue to Ector County. Section 152.207(b)(5) provides that the presence of a jurisdictional agreement is one of several factors that the court may consider. The statute does not make a jurisdictional agreement binding upon the court or irrevocable by the parties. This litigation is sufficient proof that, if there was an agreement, it no longer holds. The trial court could have also reasonably concluded that any agreement allowing Texas courts to enter agreed orders modifying Hart's visitation rights and support obligations did not extend to contested modifications of the custody decree. The trial court did not abuse its discretion with Finding No. 24.

 Hart challenges the trial court's findings concerning the children's contacts with Alabama contending that most of the witnesses, relatives, and documentary evidence are actually in Florida. Kozik and the children have lived in or near Baldwin County, Alabama, since May 1996. The oldest child attends a private school in Pensacola, Florida; Kozik works in Pensacola; the children have received medical care in Pensacola; and they have family in and near Pensacola. The presence of evidence and witnesses in Florida is a relevant concern, but because Kozik lives near the Alabama–Florida state line, the witnesses and evidence are still in close prox-

imity. For example, the Pensacola school is only thirty minutes from Kozik's home. Conversely, it is over 1,000 miles from Baldwin County, Alabama, to Ector County. The trial court did not abuse its discretion by finding that the evidence and witnesses are more accessible and readily available in or within close proximity to Baldwin County, Alabama.

Hart challenges the trial court's findings that an Alabama court can consider the children's preference, contending that there is no evidence that the children's preferences will be heard. We have previously held that the trial court properly found that Alabama courts can consider the children's preference and that Alabama caselaw does not indicate a discernible difference between the two states' treatment of that preference.

Hart challenges the trial court's Finding No. 26 because the trial court did not make a specific finding regarding the procedures necessary to present the evidence in Alabama and because there was testimony that Alabama courts are not as receptive to the wishes of children as Texas courts. The evidence Hart points to is Kozik's hearsay description of a statement from an Alabama lawyer. The trial court did not abuse its discretion by considering Alabama's relevant statute and caselaw over that testimony. We do not read Section 152.207(b)(7) to require detailed findings on a sister state's evidentiary rules. Rather, the statute's intent is that trial courts verify a sister state court's ability to resolve the dispute expeditiously. The trial court did so by analyzing the close proximity of a substantial portion of the evidence to a Baldwin County court.

The trial court also relied upon the El Paso Court's holding in *Dickerson v. Doyle*, 170 S.W.3d 713, 718–20 (Tex.App.-El Paso 2005, no pet.). In this case, the court affirmed a trial court's decision to decline to exercise jurisdiction over a paternity case in favor of an Alabama trial court. The court held that, because the litigants had not tendered evidence of Alabama law, it was required to presume that Alabama law was identical to Texas law. *Id.* at 719–20 n. 8. Hart brought Alabama's law for considering the children's preference to the trial court's attention. No other law was tendered. We must, therefore, presume that all other law is identical.

Hart also challenges the trial court's finding that an Alabama court could resolve the issues expeditiously contending that there was no evidence to support this finding. The trial court did consider this element when it considered the locations of the parties, witnesses, and other evidence. A Baldwin County, Alabama trial court will clearly have better access to witnesses and documents located in Southeastern Alabama and Northwestern Florida than will a West Texas court. The record contains no evidence describing the dockets of Baldwin County courts, but in the absence of any evidence indicating their inability to expeditiously resolve this dispute, the trial court did not abuse its discretion by making Finding No. 26.

Hart next challenges the trial court's conclusions of law because not all of Section 152.207(b)'s factors were weighed and because no legal theory supports the trial court's conclusions. Hart's initial premise is apparently that the trial court was required to make a fact finding on each of the statute's eight factors and that the mere failure to do so is reversible error. The statute's language does not support such a construction. The statute provides guidance to the litigants and to trial courts by listing factors that might shape the jurisdictional determination. One of these is whether domestic violence has occurred. Hart points us to no evi-

dence of domestic violence, or for that matter, on any of the other factors he argues the trial court failed to consider. If no evidence of a particular factor is offered, we cannot say that the trial court abused its discretion by failing to make a fact finding. That is particularly true when, as here, appellant fails to show this court what finding would have been appropriate and how that finding would have led to a different result.

Finally, Hart has included within this issue a complaint that the trial court abused its discretion by not granting his motion for new trial based upon newly discovered evidence.[7] The trial court conducted an evidentiary hearing on the motion for new trial, and Hart and Kozik both testified. Their testimony cannot be fairly described as "new evidence." It is cumulative of the testimony offered at trial and consists entirely of matters that were known to the parties at the time of trial. Furthermore, Hart's own testimony supports the trial court's exercise of discretion. Hart confirmed that Foley, Alabama, is closer to his home in League City than Odessa; that the children have no family in Ector County; and that, prior to this latest round of litigation, they had not been in Ector County for five years. The trial court did not abuse its discretion by denying Hart's motion for new trial. Hart's second issue is overruled.

*C. Did the Trial Court Abuse Its Discretion by Staying Rather Than Dismissing the Litigation?*

The trial court stayed all further proceedings in Texas conditioned upon the prompt commencement of a child custody proceeding in Alabama. Hart argues that by staying—rather than dismissing—the

litigation, the trial court abused its discretion because this left the litigation in limbo. We disagree. Section 152.207(c) specifically instructs trial courts that, if they determine Texas is an inconvenient forum and a court of another state is a more appropriate forum, they "shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state."

Hart complains this resulted in the litigation being placed in limbo because Kozik did not timely file a proceeding in Alabama. Kozik, however, did not want to modify the custody decree-Hart did. It was his responsibility, therefore, to initiate a proceeding in Alabama. His failure to do so does not make the trial court's order an abuse of discretion. Hart's third issue is overruled.

### IV. *Holding*

The judgment of the trial court is affirmed.

---

7. The clerk's record contains two copies of a motion for new trial and for reconsideration, but no motion for new trial based upon newly discovered evidence. However, because the reporter's record includes a transcript of the motion for new trial hearing, we have exercised our discretion by considering this issue.