In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00128-CV


____________________



IN THE INTEREST OF R.T.J.N.


 




On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 07-09-09376-CV






MEMORANDUM OPINION



 Khevaja Nazimuddin and Linda Nazimuddin appeal the dismissal of their petition to
terminate the parental rights of their son and his former partner to R.T.J.N. (1) The sole issue
raised in this appeal contends that the trial court abused its discretion by declining to exercise
its continuing jurisdiction in favor of an Arkansas court that allegedly lacks personal
jurisdiction over the child's father. We hold the trial court did not abuse its discretion. 
Accordingly, we affirm the trial court's order dismissing the Nazimuddins' petition.

 The court below is the court of continuing jurisdiction because the child's father filed
a petition for divorce and suit affecting the parent child relationship in that court in 2003. 
Attached to the petition was an "Affidavit for Termination of Parental Rights" that
purportedly had been signed by both the father and the mother in favor of the Nazimuddins. 
The child's mother subsequently contested the divorce and challenged the supposed affidavit
of relinquishment on the ground that her signature had been obtained from another document
and attached to an affidavit that she did not sign. Seeking the termination of parental rights
of both parents, the Nazimuddins intervened in the suit. In November 2005, the trial court
signed an agreed order that declared the parties had never been married, named the mother
as the sole managing conservator for R.T.J.N., named the father as the possessory
conservator of R.T.J.N., and provided that the Nazimuddins had the right to exercise the
father's visitation rights subject to the father's superior right to exercise his periods of
possession. The Nazimuddins signed the agreed judgment. The mother and the child were
Arkansas residents at the time of judgment.

 Khevaja Nazimuddin litigated the issue of possessory rights in Arkansas in 2006. 
R.T.J.N.'s father is also identified as a petitioner in that Arkansas proceeding. An agreed
order was entered in 2006, by the Circuit Court of Scott County, Arkansas. This order, which
was signed by Khevaja Nazimuddin, stated that Arkansas is the child's home state, and that,
in consideration of Khevaja Nazimuddin's consent to allow the adoption of R.T.J.N. by the
mother's new husband and the withdrawal of Khevaja's objections to the termination of his
"rights" under the Texas judgment, the mother would provide certain visitation specified in
the order of the Arkansas court.

 Khevaja Nazimuddin appealed the granting of a summary judgment in favor of the
mother and her husband. (2) On appeal, Khevaja Nazimuddin argued that he had standing to
contest an adoption filed by the mother and her husband in February 2006. The appellate
court issued its opinion in December 2008, after the Texas trial court signed an order finding
that the Texas court is an inconvenient forum. Noting that the father consented to the 2006
adoption, the Arkansas appellate court held that Khevaja Nazimuddin lacked standing to
contest the adoption. The appellate court reasoned that Nazimuddin only possessed the right
to exercise the father's possessory rights, and that once the father's rights were terminated
by the consent adoption decree, there was no source from which Nazimuddin's rights could
flow.

 This suit commenced in September 2007, when Linda Nazimuddin filed a termination
petition in the court that heard the original suit affecting the parent-child relationship. 
Khevaja Nazimuddin joined in a subsequent amended petition. A brief submitted to the trial
court argued that the trial court maintained its jurisdiction because the father and the
Nazimuddins remained Texas residents, the child lived in Texas until August 2003, and
court-ordered visitation was to occur in Texas. On its own motion, the trial court declined
to exercise jurisdiction over the Nazimuddins' termination petition. The trial court found that
it would be an inconvenient forum to adjudicate the issue and that the State of Arkansas
would be a more appropriate forum. See Tex. Fam. Code Ann. § 152.207 (Vernon 2008). 
The trial court eventually dismissed the case, and the Nazimuddins appealed.

 The sole issue raised on appeal asks "[w]hether the trial court abuse[d] its discretion
in transferring jurisdiction against [the child's father] when the Circuit Court of [Smith
County], Arkansas has no jurisdiction of him." The appellants appear to argue that Arkansas
is not a more convenient forum than Texas because the appellants seek to terminate the
father's parental rights and the Arkansas courts have no personal jurisdiction over the father. 
 It appears that the father was a petitioner in a proceeding in Arkansas involving
R.T.J.N. A court obtains personal jurisdiction over a party who voluntarily appears before
it. See Ark. Dep't of Human Servs. v. Farris, 309 Ark. 575, 832 S.W.2d 482, 484 (Ark.
1992). It appears that the Arkansas proceedings challenged R.T.J.N.'s adoption, and the
Nazimuddins did not explain to the trial court why the father's participation in Arkansas
proceedings concerning R.T.J.N. were insufficient to allow the Arkansas Court to exercise
personal jurisdiction over the father in further proceedings concerning R.T.J.N.

 Furthermore, the Nazimuddins concede that the father's parental rights were
terminated in an Arkansas adoption proceeding in which the father voluntarily relinquished
his rights. The Nazimuddins complain that they were not given notice of the filing of that
Arkansas proceeding and argue the Arkansas judgment is not entitled to full faith and credit
for that reason. The issue of whether the Arkansas adoption judgment is entitled to full faith
and credit in a Texas proceeding is not properly before this Court. It is the trial court's order
declining jurisdiction over the Nazimuddins' termination suit in favor of the courts of 
Arkansas that is the subject of this appeal. See Tex. Fam. Code Ann. § 152.207. From this
record, it does not appear that the trial court accorded full faith and credit to the Arkansas
adoption judgment when it declined to exercise jurisdiction. Had the trial court accorded full
faith and credit to the Arkansas judgment, the trial court would have dismissed the case for
lack of jurisdiction. See Tex. Fam. Code Ann. § 152.203 (Vernon 2008) ("[A] court of this
state may not modify a child custody determination made by a court of another state unless
a court of this state has jurisdiction to make an initial determination . . . and: (1) the court of
the other state determines it no longer has exclusive continuing jurisdiction . . . or that a court
of this state would be a more convenient forum under Section 152.207. . . ."). Instead of
dismissing the case outright, the trial court found it was an inconvenient forum and
provided an opportunity to commence proceedings in Arkansas. See Tex. Fam. Code 
Ann. § 152.207(c). The order signed by the trial court in this case implies that the trial court
determined that Arkansas was the child's home state when the Nazimuddins filed this
petition, but does not suggest that the Arkansas Circuit Court is the court of continuing
jurisdiction. See Tex. Fam. Code Ann. § 152.201 (Vernon 2008); Tex. Fam. Code Ann.
§ 152.207.

 The appropriateness of Arkansas as a forum for the Nazimuddins' claims does not
depend upon the earlier proceedings in Arkansas. Once the Texas court found that it was an
inconvenient forum and determined Arkansas would provide a more appropriate forum, the
Arkansas court could exercise jurisdiction over a suit to modify the custody order of the
Texas court. See Ark. Code Ann. § 9-19-203 (2009) (". . . [A] court of this state may not
modify a child-custody determination made by a court of another state unless a court of this
state has jurisdiction to make an initial determination . . . and: (1) the court of the other state
determines it no longer has exclusive, continuing jurisdiction . . . or that a court of this state
would be a more convenient forum. . . ."). See also Dorothy v. Dorothy, 88 Ark. App. 358,
199 S.W.3d 107, 110 (Ark. Ct. App. 2004) (Custody determinations are status adjudications
not dependent upon personal jurisdiction over the parents.); see also In the Interest of S.A.V.,
837 S.W.2d 80, 84 (Tex. 1992) ("Generally, a family relationship is among those matters in
which the forum state has such a strong interest that its courts may reasonably make an
adjudication affecting that relationship even though one of the parties to the relationship 
may have had no personal contacts with the forum state. . . . [c]onsequently, due process
permits adjudication of the custody and visitation of a child residing in the forum state
without a showing of 'minimum contacts' on the part of the nonresident parent."). The trial
court may also have determined that the Arkansas court already had personal jurisdiction
over the father by virtue of his appearance in the earlier proceeding in which his parental
rights were terminated.

 Factors the trial court may consider in determining whether it is appropriate for a court
of another state to exercise jurisdiction include the length of time the child has resided
outside Texas. See Tex. Fam. Code Ann. § 152.207(b)(2). In this case, the child and her
mother have resided in Arkansas since 2003. The Nazimuddins complain that in 2005 and
2006 the child's mother neither informed the Texas court of the Arkansas proceeding nor
informed the Arkansas court of the Texas proceeding. To support their argument that the
mother's failure to identify the other state's proceedings in her pleadings in those earlier
cases affects the trial court's determination of forum non-conveniens the Nazimuddins rely
on a mandamus proceeding in which the appellate court applied an exception to the general
rule that the court presiding over the first-filed suit maintains dominant jurisdiction. See
Grimes v. Harris, 695 S.W.2d 648, 651 (Tex. App.--Dallas 1985, orig. proceeding). In
Grimes v. Harris, the individuals in the earlier-filed divorce suit failed to inform the trial
court that a child was expected. Id. The appellate court held that those individuals could not
assert the primacy of that suit over the termination petition brought by the prospective
adoptive parents in another court of the same state. Id. In that case, the divorce suit was the
first filed, but the issue of custody of the child was first raised in the termination suit. Id. at
652. Thus, the court presiding over the termination petition had primacy over the divorce
court for purposes of resolving contested custody issues. Id. Grimes v. Harris concerns
dominant jurisdiction, not an issue of forum non conveniens. Id. at 651.

 Given the length of time that the child has resided in the other state (at least six years),
the trial court could reasonably have determined that the relevant evidence and witnesses for
the most part are to be found in Arkansas. It appears that in the years leading up to the filing
of this suit, the child's contacts with Texas have been limited to short annual visits with the
Nazimuddins and the child has had no contact whatsoever with her father since his rights
were terminated. The Nazimuddins argue that the Texas court retained jurisdiction pursuant
to Section 152.202 because one of the child's parents remained a Texas resident. See Tex.
Fam. Code Ann. § 152.202(a)(1) (Vernon 2008) ("[A] court of this state which has made
a child custody determination . . . has exclusive continuing jurisdiction over the
determination until: (1) a court of this state determines that neither the child, nor the child
and one parent, nor the child and a person acting as a parent, have a significant connection
with this state and that substantial evidence is no longer available in this state concerning the
child's care, protection, training, and personal relationships. . . ."). We do not interpret this
statute in the way the Nazimuddins do.

 The significant-connection test of Section 152.202 does not focus exclusively on the
number of times the child has contact with the state. In re Forlenza, 140 S.W.3d 373, 377
(Tex. 2004). In this case, however, the trial court did not find that it no longer had
jurisdiction over this case pursuant to Section 152.202. Instead, the trial court found that the
Arkansas court is the more convenient forum pursuant to Section 152.207. The relative
quality of the contacts with two different jurisdictions is appropriate in the trial court's
consideration of Section 152.207. In re Forlenza, 140 S.W.3d at 377. The Nazimuddins
argue that the trial court has rewarded the mother for her bad behavior in failing to notify
each court of the other court's proceeding, but the trial court merely determined that the
Arkansas court is better positioned to determine the best interest of the child. See Hart v.
Kozik, 242 S.W.3d 102, 106 (Tex. App.--Eastland 2007, no pet.).

 The Nazimuddins also suggest that differences between Texas and Arkansas law
regarding post-termination grandparent access make the Texas court the more appropriate
forum. The Nazimuddins complain that the Arkansas court "refused to accept" a Texas
statute relating to termination of parental rights. See Tex. Fam. Code. Ann. § 161.206(c)
(Vernon 2008) ("Nothing in this chapter precludes or affects the rights of a biological or
adoptive maternal or paternal grandparent to reasonable access under Chapter 153."). The
Nazimuddins have not shown where they relied on this statute in any document presented to
either the Arkansas court or to the trial court at any point before the trial court declined
jurisdiction. We cannot conclude that the trial court abused its discretion in failing to
consider a possible difference between the laws of the two states if the appellants failed to
bring the matter to the attention of the trial court at the appropriate time.

 Apparently, Khevaja Nazimuddin challenged the Arkansas adoption in Arkansas
without Linda Nazimuddin's participation. Although there may be unresolved issues
regarding the effect of the Arkansas proceedings on any rights Linda Nazimuddin might have
acquired under the Texas judgment, they do not make Texas a more convenient forum than
Arkansas regarding custody of R.T.J.N.

 No abuse of the trial court's discretion has been shown on this record. We overrule
the appellants' sole issue and affirm the judgment of the trial court.

 AFFIRMED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice




Submitted on October 15, 2009

Opinion Delivered November 12, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. To protect the privacy of the child, we do not mention the names of the child's
parents in this opinion. We shall refer to these persons by their relationship to the child,
R.T.J.N., rather than by their given names.
2. The only document from this appeal that appears in the record of this case is the
appellate brief filed by Khevaja Nazimuddin. The Nazimuddins attached a copy of the
unpublished opinion to their brief.