In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00119-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                           SAMANTHA
MOORE

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Samantha and Justin Moore were
divorced December 19, 2008, in Bowie County, Texas.  In the divorce decree, though Samantha and
Justin were named joint managing conservators of their two minor children,
Justin was awarded the right to determine the children’s primary
residence.  Since the divorce, Justin and
the children have lived in Tennessee.  

            From orders of the Honorable Jeff
Addison, judge of the County Court at Law of Bowie County—declining Texas
jurisdiction in favor of Tennessee and, later, dismissing the Texas case because
a Tennessee case was not filed within a few months[1]—Samantha
seeks a writ of mandamus asking us to order the trial court to vacate its order
declining Texas jurisdiction in favor of Tennessee, to vacate its order
dismissing the cause, and to retain jurisdiction in the State of Texas.[2]  We deny the petition because the trial
court’s actions did not constitute a clear abuse of discretion.

            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion[3]
or the violation of a duty imposed by law and (2) the absence of a clear and
adequate remedy at law.[4]  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
A trial court clearly abuses its discretion if “it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.”  Id.  With respect to the
resolution of factual issues or matters committed to the trial court’s
discretion, we may not substitute our judgment for that of the trial
court.  In re Does 1–10, 242 S.W.3d 805, 811 (Tex. App.—Texarkana 2007, no
pet.).  Because “‘[a] trial court has no
“discretion” in determining what the law is or applying the law to the facts,’”
a trial court’s failure to analyze or apply the law correctly will abuse its
discretion.  In re B.T., 323 S.W.3d 158, 160 (Tex. 2010) (quoting Walker, 827 S.W.2d at 840).  Therefore, an erroneous result based on an
erroneous legal conclusion by the trial court constitutes an abuse of
discretion.  Huie v. DeShazo, 922 S.W.2d 920, 927–28 (Tex. 1996).  A clear failure by the trial court to apply
the law correctly is an abuse of discretion. 
Walker, 827 S.W.2d at 840.

            Samantha argues that the trial
court, having continuing exclusive jurisdiction,[5]
abused its discretion in finding that Tennessee was a more convenient forum than
Texas.  Samantha acknowledges that a
trial court may decline jurisdiction based on a finding of an inconvenient
forum under Section 152.207 of the Texas Family Code.  Under Section 152.207, a Texas court may
decline to exercise its jurisdiction if it determines that it is an
inconvenient forum and that a court of another state is a more appropriate
forum.  Tex.
Fam. Code Ann. § 152.207 (West 2008). 
Samantha argues, however, that the trial court abused its discretion in
weighing the specified factors and concluding that Tennessee was a more
convenient forum.  The statute provides
factors[6]
to be considered in making the finding:

Before determining whether it is
an inconvenient forum, a court of this state shall consider whether it is
appropriate for a court of another state to exercise jurisdiction.  For this purpose, the court shall allow the
parties to submit information and shall consider all relevant factors,
including:

 

(1)  whether domestic violence has occurred and is
likely to continue in the future and which state could best protect the parties
and the child;

 

(2)  the length of time the child has resided
outside this state;

 

(3)  the distance between the court in this state
and the court in the state that would assume jurisdiction;

 

(4)  the relative financial circumstances of the
parties;

 

(5)  any agreement of the parties as to which
state should assume jurisdiction;

 

(6)  the nature and location of the evidence
required to resolve the pending litigation, including testimony of the child;

 

(7)  the ability of the court of each state to
decide the issue expeditiously and the procedures necessary to present the
evidence; and

 

(8)  the familiarity of the court of each state
with the facts and issues in the pending litigation.

 

Tex. Fam. Code Ann. § 152.207(b).

 

            Samantha concedes there is not any
evidence in the record concerning the first and fourth factors.  Neither party introduced any evidence of
domestic violence or of the financial circumstances of the parties.  Samantha, however, argues the remaining
factors clearly weigh against the trial court’s decision.  In addition, the record does not contain any
evidence concerning the seventh factor—the ability of each state to decide the
issue expeditiously and the procedures necessary to present evidence.  Samantha argues that this factor would weigh
against the trial court’s decision because this case was “on track for a
custody hearing” and, if refiled in Tennessee, “the deadlines for discovery and
other evidentiary procedures would have to begin to run again.”  Yet there is no evidence Tennessee would be
unable to resolve the dispute expeditiously. 
We conclude that, for lack of evidence, this factor weighs neither in
favor of nor against a finding that Tennessee would be a more convenient
forum.  Due to lack of evidence, none of
these factors weigh in either direction.

            The second factor strongly favors a
finding that Tennessee is a more convenient forum.  Samantha argues the older child lived in
Bowie County for two years and the younger child lived in Texas from birth
until one and a half years old.[7]  Justin and the children moved to Tennessee
before the divorce[8] and have
resided in Tennessee continuously ever since.[9]  The children attend school in Tennessee, and
one of them receives counseling in Tennessee. 
The length of time the children have resided outside the state strongly
favors declining jurisdiction.

            The third factor concerns the
distance between the trial court and the state that would assume
jurisdiction.  Justin testified he has to
travel “[a]bout 600 miles” one way to attend hearings in Bowie County.  In her affidavit supporting her motion for
new trial, Samantha stated the actual distance to “the halfway point in Hazen,
Arkansas is 200.7 miles one way.”[10]  This factor favors a finding that Texas is an
inconvenient forum.

            The fifth factor requires
consideration of any agreement of the parties as to which state should assume
jurisdiction.  Samantha argues Justin
agreed to the assumption of jurisdiction by Bowie County because he did not
raise the jurisdictional issue until May 2011. 
Samantha, though, has not directed this Court to where Justin explicitly
agreed to jurisdiction in Bowie County. 
Samantha agreed when asked whether Justin “submitted to the jurisdiction
of this court on two other occasions” and that Justin “[n]ever asked to
transfer this?”  While this testimony
indicates that Justin did not challenge the jurisdiction, it does not establish
an agreement.  Because the record does
not contain any suggestion that Justin explicitly agreed to Bowie County having
jurisdiction, we will not presume an agreement. 
Absent an explicit agreement, we are not persuaded this factor is
contrary to the trial court’s ruling.  We
conclude this factor does not weigh for or against the trial court’s finding.

            The sixth factor concerns the nature
and location of the evidence.  Samantha
argues all of her witnesses reside in Bowie County, Texas.  Samantha testified the children’s maternal
grandparents, maternal great-grandparents, and two maternal aunts reside in
Bowie County, Texas.  Samantha also
testified that the children had received counseling from a counselor in Bowie
County during one summer.  Samantha
indicates that Child Protective Services in both Texas and Tennessee have been
involved in this case.[11]  Samantha testified that Justin moved to
Camden from another town in Tennessee three and one-half months before the
hearing.  Due to the recent move,
Samantha argues “there would be little if any information about [the child] and
his education in Tennessee.”  We conclude
this factor neither weighs for nor against a finding that Texas is an inconvenient
forum.

            The remaining factor requires
consideration of the familiarity of the court of each state with the facts and
issues of the pending litigation.  The
trial court presided over the parties’ divorce and at least one prior
modification.  This factor weighs against
a finding that Texas is an inconvenient forum.

            Some of the factors favor a finding
that Tennessee is a more convenient forum, while others weigh against such a
finding.  Considering the totality of the
circumstances, we are unable to conclude the trial court clearly abused its
discretion.  Because reasonable persons
could disagree concerning whether Texas was an inconvenient forum, the trial
court’s decision was not arbitrary or capricious and did not constitute a clear
abuse of discretion.  Samantha has not
demonstrated her entitlement to mandamus relief.

            For the reasons stated, we deny
relief.

 

 

 

                                                                                    Josh R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:    
December 13, 2011

Date Decided:      
December 14, 2011             











[1]On
June 30, 2009, and April 14, 2011, Samantha filed motions to modify.  As to the earlier motion, the trial court
first granted an ex parte temporary restraining order and held a hearing July
9, 2009.  The trial court’s docket sheet
contains an entry of July 9, 2010, which states, “Insufficient evidence to
continue ex parte order.”  The trial
court’s docket sheet also contains an entry dated October 14, 2010, which
states that, after a hearing, modifications were granted.  The record does not contain a copy of the
order modifying the divorce decree. 
Neither the Relator nor the Real Party allege the modifications are
pertinent to this appeal.  The 2011
motion to modify triggered Justin’s motion requesting the trial court to
decline jurisdiction and determine Tennessee was a more convenient forum.  After a hearing on that motion, the trial
court signed an order June 30, 2011, declining jurisdiction and finding that
Tennessee was a more convenient forum. 
Samantha filed a motion for new trial, the trial court held a hearing on
the motion for new trial, consisting of only arguments of counsel, and the
motion for new trial was overruled by operation of law.  On October 19, 2011, the trial court
dismissed the cause, noting that Tennessee had been found a more convenient
forum and that no cause had been filed in Tennessee.  No complaint has been raised concerning this
order.

 





[2]In
her petition, Samantha cites to the reporter’s record from her pending appeal
of the trial court’s order in this case.  Samantha has not filed a copy of this
transcription in the record in this case or requested this Court to take
judicial notice of our record in the pending appeal.  Although we could deny relief for failure to
provide a sufficient record, see Tex. R. App. P. 52.7, we, in the
interests of justice and judicial economy, take judicial notice of the record
in our cause number 06-11-00102-CV.





[3]Our
standard of review in a mandamus proceeding is more deferential than in a
direct appeal.  In a mandamus proceeding,
our standard of review is for a clear abuse of discretion.  See
In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135 (Tex. 2004).  In
a direct appeal, our standard of review is for an abuse of discretion.  See
Hart v. Kozik, 242 S.W.3d 102, 106 (Tex. App.—Eastland 2007, no pet.).

 





[4]Justin
does not contest the availability of mandamus review.  Because we conclude the trial court did not
commit a clear abuse of discretion, it is not necessary for us to determine whether,
here, the benefits of mandamus review outweigh the detriments of mandamus
review.  We will assume, without
deciding, that mandamus review is available.

 





[5]Samantha
asserts that the trial court had continuing exclusive jurisdiction.  Justin does not contest that assertion.  The Texas Supreme Court has noted “exclusive
jurisdiction continues in the decree-granting state as long as a significant
connection exists or substantial evidence is present.”  In re
Forlenza, 140 S.W.3d 373, 379 (Tex. 2004) (rejecting argument that both
significant connection and substantial evidence must exist); see Tex.
Fam. Code Ann. § 152.202 (West 2008).  The Texas Supreme Court has found significant
connections existed in a case much like this one.  See
Forlenza, 140 S.W.3d at 379.  In that case, the children had resided
outside of Texas for more than five years, but the mother had maintained
residence in Texas.  Id. at 377.  The mother had
flown to multiple cities to visit the children at least fifteen times in the
previous four years.  Id. 
The children had visited Texas at least six times in the previous four
years.  Id.  On four of the six
visits, the children had remained in Texas for at least a month.  Id.  The Texas Supreme Court found that Texas
retained exclusive continuing jurisdiction. 
Id. at 379.  It specifically noted in Forlenza that its opinion concerned only whether Texas retained
exclusive continuing jurisdiction and that it was not deciding whether said
jurisdiction could be declined under Section 152.207.  Id.
at 378.

 





[6]Although
many of these factors implicate the child’s best interest, the Legislature did
not direct trial courts to specifically consider the child’s best interest when
determining whether another jurisdiction would be a more convenient forum.  Hart,
242 S.W.3d at 107.





[7]The
record does not contain direct evidence of these facts, but these facts are
consistent with and can be inferred from the testimony at the hearing.

 





[8]Justin
testified the move was before the divorce.  Samantha testified the move was one week before
the divorce on December 12, 2008.  

 





[9]Justin
testified he works as a corrections officer for the Benton County Sheriff’s Department
and resides in Camden, Tennessee.  

 





[10]Evidence
concerning this fact was not introduced at the hearing on the motion for new
trial.





[11]Our
review of the record did not discover any evidence to support this allegation.