

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00119-CV

_____

IN RE:
SAMANTHA MOORE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Samantha and Justin Moore were divorced December 19, 2008, in Bowie County, Texas. In the divorce decree, though Samantha and Justin were named joint managing conservators of their two minor children, Justin was awarded the right to determine the children's primary residence. Since the divorce, Justin and the children have lived in Tennessee.

From orders of the Honorable Jeff Addison, judge of the County Court at Law of Bowie County—declining Texas jurisdiction in favor of Tennessee and, later, dismissing the Texas case because a Tennessee case was not filed within a few months[1]—Samantha seeks a writ of mandamus asking us to order the trial court to vacate its order declining Texas jurisdiction in favor of Tennessee, to vacate its order dismissing the cause, and to retain jurisdiction in the State of Texas.[2] We deny the petition because the trial court's actions did not constitute a clear abuse of

---

[1]On June 30, 2009, and April 14, 2011, Samantha filed motions to modify. As to the earlier motion, the trial court first granted an ex parte temporary restraining order and held a hearing July 9, 2009. The trial court's docket sheet contains an entry of July 9, 2010, which states, "Insufficient evidence to continue ex parte order." The trial court's docket sheet also contains an entry dated October 14, 2010, which states that, after a hearing, modifications were granted. The record does not contain a copy of the order modifying the divorce decree. Neither the Relator nor the Real Party allege the modifications are pertinent to this appeal. The 2011 motion to modify triggered Justin's motion requesting the trial court to decline jurisdiction and determine Tennessee was a more convenient forum. After a hearing on that motion, the trial court signed an order June 30, 2011, declining jurisdiction and finding that Tennessee was a more convenient forum. Samantha filed a motion for new trial, the trial court held a hearing on the motion for new trial, consisting of only arguments of counsel, and the motion for new trial was overruled by operation of law. On October 19, 2011, the trial court dismissed the cause, noting that Tennessee had been found a more convenient forum and that no cause had been filed in Tennessee. No complaint has been raised concerning this order.

[2]In her petition, Samantha cites to the reporter's record from her pending appeal of the trial court's order in this case. Samantha has not filed a copy of this transcription in the record in this case or requested this Court to take judicial notice of our record in the pending appeal. Although we could deny relief for failure to provide a sufficient record, *see* TEX. R. APP. P. 52.7, we, in the interests of justice and judicial economy, take judicial notice of the record in our cause number 06-11-00102-CV.

discretion.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion[3] or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law.[4] *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *In re Does 1–10*, 242 S.W.3d 805, 811 (Tex. App.—Texarkana 2007, no pet.). Because "'[a] trial court has no "discretion" in determining what the law is or applying the law to the facts,'" a trial court's failure to analyze or apply the law correctly will abuse its discretion. *In re B.T.*, 323 S.W.3d 158, 160 (Tex. 2010) (quoting *Walker*, 827 S.W.2d at 840). Therefore, an erroneous result based on an erroneous legal conclusion by the trial court constitutes an abuse of discretion. *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996). A clear failure by the trial court to apply the law correctly is an abuse of discretion. *Walker*, 827 S.W.2d at 840.

---

[3]Our standard of review in a mandamus proceeding is more deferential than in a direct appeal. In a mandamus proceeding, our standard of review is for a clear abuse of discretion. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). In a direct appeal, our standard of review is for an abuse of discretion. *See Hart v. Kozik*, 242 S.W.3d 102, 106 (Tex. App.—Eastland 2007, no pet.).

[4]Justin does not contest the availability of mandamus review. Because we conclude the trial court did not commit a clear abuse of discretion, it is not necessary for us to determine whether, here, the benefits of mandamus review outweigh the detriments of mandamus review. We will assume, without deciding, that mandamus review is available.

Samantha argues that the trial court, having continuing exclusive jurisdiction,[5] abused its discretion in finding that Tennessee was a more convenient forum than Texas. Samantha acknowledges that a trial court may decline jurisdiction based on a finding of an inconvenient forum under Section 152.207 of the Texas Family Code. Under Section 152.207, a Texas court may decline to exercise its jurisdiction if it determines that it is an inconvenient forum and that a court of another state is a more appropriate forum. TEX. FAM. CODE ANN. § 152.207 (West 2008). Samantha argues, however, that the trial court abused its discretion in weighing the specified factors and concluding that Tennessee was a more convenient forum. The statute provides factors[6] to be considered in making the finding:

> Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

---

[5]Samantha asserts that the trial court had continuing exclusive jurisdiction. Justin does not contest that assertion. The Texas Supreme Court has noted "exclusive jurisdiction continues in the decree-granting state as long as a significant connection exists or substantial evidence is present." *In re Forlenza*, 140 S.W.3d 373, 379 (Tex. 2004) (rejecting argument that both significant connection and substantial evidence must exist); *see* TEX. FAM. CODE ANN. § 152.202 (West 2008). The Texas Supreme Court has found significant connections existed in a case much like this one. *See Forlenza*, 140 S.W.3d at 379. In that case, the children had resided outside of Texas for more than five years, but the mother had maintained residence in Texas. *Id*. at 377. The mother had flown to multiple cities to visit the children at least fifteen times in the previous four years. *Id*. The children had visited Texas at least six times in the previous four years. *Id*. On four of the six visits, the children had remained in Texas for at least a month. *Id*. The Texas Supreme Court found that Texas retained exclusive continuing jurisdiction. *Id*. at 379. It specifically noted in *Forlenza* that its opinion concerned only whether Texas retained exclusive continuing jurisdiction and that it was not deciding whether said jurisdiction could be declined under Section 152.207. *Id*. at 378.

[6]Although many of these factors implicate the child's best interest, the Legislature did not direct trial courts to specifically consider the child's best interest when determining whether another jurisdiction would be a more convenient forum. *Hart*, 242 S.W.3d at 107.

(1)  whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2)  the length of time the child has resided outside this state;

(3)  the distance between the court in this state and the court in the state that would assume jurisdiction;

(4)  the relative financial circumstances of the parties;

(5)  any agreement of the parties as to which state should assume jurisdiction;

(6)  the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7)  the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8)  the familiarity of the court of each state with the facts and issues in the pending litigation.

TEX. FAM. CODE ANN. § 152.207(b).

Samantha concedes there is not any evidence in the record concerning the first and fourth factors.  Neither party introduced any evidence of domestic violence or of the financial circumstances of the parties.  Samantha, however, argues the remaining factors clearly weigh against the trial court's decision.  In addition, the record does not contain any evidence concerning the seventh factor—the ability of each state to decide the issue expeditiously and the procedures necessary to present evidence.  Samantha argues that this factor would weigh against the trial court's decision because this case was "on track for a custody hearing" and, if refiled in Tennessee, "the deadlines for discovery and other evidentiary procedures would have to begin to

5

run again." Yet there is no evidence Tennessee would be unable to resolve the dispute expeditiously. We conclude that, for lack of evidence, this factor weighs neither in favor of nor against a finding that Tennessee would be a more convenient forum. Due to lack of evidence, none of these factors weigh in either direction.

The second factor strongly favors a finding that Tennessee is a more convenient forum. Samantha argues the older child lived in Bowie County for two years and the younger child lived in Texas from birth until one and a half years old.[7] Justin and the children moved to Tennessee before the divorce[8] and have resided in Tennessee continuously ever since.[9] The children attend school in Tennessee, and one of them receives counseling in Tennessee. The length of time the children have resided outside the state strongly favors declining jurisdiction.

The third factor concerns the distance between the trial court and the state that would assume jurisdiction. Justin testified he has to travel "[a]bout 600 miles" one way to attend hearings in Bowie County. In her affidavit supporting her motion for new trial, Samantha stated the actual distance to "the halfway point in Hazen, Arkansas is 200.7 miles one way."[10] This factor favors a finding that Texas is an inconvenient forum.

---

[7]The record does not contain direct evidence of these facts, but these facts are consistent with and can be inferred from the testimony at the hearing.

[8]Justin testified the move was before the divorce. Samantha testified the move was one week before the divorce on December 12, 2008.

[9]Justin testified he works as a corrections officer for the Benton County Sheriff's Department and resides in Camden, Tennessee.

[10]Evidence concerning this fact was not introduced at the hearing on the motion for new trial.

The fifth factor requires consideration of any agreement of the parties as to which state should assume jurisdiction. Samantha argues Justin agreed to the assumption of jurisdiction by Bowie County because he did not raise the jurisdictional issue until May 2011. Samantha, though, has not directed this Court to where Justin explicitly agreed to jurisdiction in Bowie County. Samantha agreed when asked whether Justin "submitted to the jurisdiction of this court on two other occasions" and that Justin "[n]ever asked to transfer this?" While this testimony indicates that Justin did not challenge the jurisdiction, it does not establish an agreement. Because the record does not contain any suggestion that Justin explicitly agreed to Bowie County having jurisdiction, we will not presume an agreement. Absent an explicit agreement, we are not persuaded this factor is contrary to the trial court's ruling. We conclude this factor does not weigh for or against the trial court's finding.

The sixth factor concerns the nature and location of the evidence. Samantha argues all of her witnesses reside in Bowie County, Texas. Samantha testified the children's maternal grandparents, maternal great-grandparents, and two maternal aunts reside in Bowie County, Texas. Samantha also testified that the children had received counseling from a counselor in Bowie County during one summer. Samantha indicates that Child Protective Services in both Texas and Tennessee have been involved in this case.[11] Samantha testified that Justin moved to Camden from another town in Tennessee three and one-half months before the hearing. Due to the recent move, Samantha argues "there would be little if any information about [the child] and

_____

[11]Our review of the record did not discover any evidence to support this allegation.

7

his education in Tennessee." We conclude this factor neither weighs for nor against a finding that Texas is an inconvenient forum.

The remaining factor requires consideration of the familiarity of the court of each state with the facts and issues of the pending litigation. The trial court presided over the parties' divorce and at least one prior modification. This factor weighs against a finding that Texas is an inconvenient forum.

Some of the factors favor a finding that Tennessee is a more convenient forum, while others weigh against such a finding. Considering the totality of the circumstances, we are unable to conclude the trial court clearly abused its discretion. Because reasonable persons could disagree concerning whether Texas was an inconvenient forum, the trial court's decision was not arbitrary or capricious and did not constitute a clear abuse of discretion. Samantha has not demonstrated her entitlement to mandamus relief.

For the reasons stated, we deny relief.


Josh R. Morriss, III
Chief Justice


Date Submitted:     December 13, 2011
Date Decided:       December 14, 2011


8