# NO. 12-12-00080-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **KYLE EDWIN BARNHILL, APPELLANT** | § | *APPEAL FROM THE 145TH* |
| **V.** | § | *JUDICIAL DISTRICT COURT* |
| **WILLIAM A. AGNEW, JR. AND DEAN WATTS, APPELLEES** | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Kyle Edwin Barnhill appeals the trial court's denial of his motion to recuse the district court judge and the orders granting summary judgment rendered in favor of Appellees William A. Agnew, Jr. and Dean Watts. Barnhill raises seven issues on appeal. We reverse and remand.

## BACKGROUND

A Nacogdoches County jury found Barnhill "guilty" of murder and assessed his punishment at imprisonment for life. Barnhill appealed. On appeal, his counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Barnhill filed a pro se brief in which he argued that (1) the trial court abused its discretion in denying his motion for change of venue and (2) the State's attorney engaged in prosecutorial misconduct by not recusing herself. This court reviewed the record for reversible error and, finding none, dismissed the appeal.[1]

---

[1] *See* **Barnhill v. State**, No. 12-09-00406-CR, 2011 WL 1199124, at *1 (Tex. App–Tyler Mar. 31, 2011, pet. denied) (mem. op., not designated for publication).

Thereafter, Barnhill filed the instant lawsuit against Agnew, his trial counsel, and Watts, his appellate counsel, in which he alleged that they are liable to him for legal malpractice. Agnew and Watts each filed motions for summary judgment, to which Barnhill responded. Barnhill also filed a "Motion to Disqualify" the trial judge because "[t]he Honorable Judge Cox['s] close professional working proximity to Judge Edwin Klein, places him in a most difficult position of offending Judge Klein, with a ruling in favor of Barnhill." [2] The trial judge signed an order denying Barnhill's motion because it was not timely filed under Texas Rule of Civil Procedure 18a. Subsequently, the trial court granted Agnew's and Watts's motions for summary judgment. This appeal followed.

## MOTION TO RECUSE

In his first issue, Barnhill argues that the trial court abused its discretion in denying his motion to recuse and, as a result, the summary judgments rendered in favor of Agnew and Watts are void. We review the trial court's denial of a motion to recuse for abuse of discretion. *See* TEX. R. CIV. P. 18a(j)(1)(A). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or when it acts without reference to any guiding principles. ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241–42 (Tex. 1985); ***Hart v. Kozik***, 242 S.W.3d 102, 106 (Tex. App.–Eastland 2007, no pet.).

When a party files a motion to recuse a trial judge, the responding judge, regardless of whether the motion complies with the requisites of Texas Rule of Civil Procedure 18a, must, within three business days after the motion is filed (1) sign and file with the clerk an order of recusal or (2) sign and file with the clerk an order referring the motion to the regional presiding judge. *See* TEX. R. CIV. P. 18a(f)(1). Failure to comply with the rule renders void any actions taken subsequent to the violation. ***In re A.R.***, 236 S.W.3d 460, 477 (Tex. App.–Dallas 2007, no pet.).

In the case at hand, the trial judge did not refer the motion to the regional presiding judge or recuse himself, but rather, denied Barnhill's motion to recuse because it was not timely filed under Texas Rule of Civil Procedure 18a. However, Rule 18a(f) specifically states that a trial

---

[2] Although Barnhill styled his motion as a motion to disqualify the trial judge, the stated ground for the motion, if true, is a ground for recusal. *See* TEX. R. CIV. P. 18b(a), (b). Accordingly, we treat Barnhill's motion as a motion to recuse. *See* TEX. R. CIV. P. 71.

judge must adhere to its mandates regardless of whether the motion complies with the requisites of Rule 18a. *See* TEX. R. CIV. P. 18a(f)(1). Therefore, we hold that because the trial judge failed to comply with Rule 18a(f), the court's order denying Barnhill's motion to recuse and its orders granting summary judgment in favor of Agnew and Watts are void. *See **In re A.R.***, 236 S.W.3d at 477. Barnhill's first issue is sustained.[3]

## DISPOSITION

Having sustained Barnhill's first issue,[4] we ***reverse*** the trial court's judgment and ***remand*** the cause for further proceedings consistent with this opinion.

Opinion delivered October 16, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[3] We have not considered the substance of the motions underlying these orders, and our holding should not be construed as a comment on the strength or validity of the motions.

[4] Because our resolution of Barnhill's first issue is dispositive of this appeal, we do not consider his remaining issues. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 16, 2013**

## NO. 12-12-00080-CV

**KYLE EDWIN BARNHILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 145th Judicial District Court
of Nacogdoches County, Texas. (Tr.Ct.No. C1127731)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4